## MANN *vs.* WATERS.

1. Notwithstanding the Court refuses to postpone a case to procure testimony which would be unobjectionable, still if the evidence, if in, could not affect the result of the case, the judgment will not be disturbed.

2. Can a party under the Possessory Warrant Act of 1821, institute proceedings to regain the possession of property which he has voluntarily placed in the custody of another? Query.

Possessory Warrant for negroes. Heard before Judge CABANISS, at Forsyth, Monroe county, 3d March, 1860.

This was a possessory warrant issued by the Hon. E. G. CABANISS, Judge of the Superior Court of the Flint Circuit, at the instance of Sarah J. Waters against Americus V. Mann, to regain the possession of a negro woman Rose, and

her children, Wyatt, Emma and Elizabeth, alleged to have been taken by fraud, violence or seduction, and without lawful warrant or authority from her possession by said Mann.

The warrant issued 25th February, 1860.

At the trial, before Judge CABANISS, defendant moved for a continuance or postponement to such time as the Judge thought reasonable, on the ground of the absence of a witness who had been subpoenaed, but failed to attend, and by whom defendant expected to prove that the judgments in former possessory warrant cases' between these same parties, in relation to these same negroes, and which were in favor of plaintiff, Mrs. Waters, only awarded the possession of said negroes to her till 25th December, 1859.  The Judge refused to continue or postpone, holding that said testimony was immaterial.  To which decision defendant excepted.

Plaintiff first tendered in evidence the warrants, bonds and proceedings of two former trials between the parties, had about October, 1859, one by plaintiff against defendant for the children, Wyatt, Emma and Elizabeth ; the other by defendant against plaintiff, for the woman Rose.  To their admission in evidence, defendant objected :  1st. Because they were not properly proven or authenticated.  2d. Because they were irrelevant.  The Court overruled the last ground, but sustained the first, and required the execution of the papers to be proved, which was done, and they were then received.  To which ruling defendant also excepted.

The parties then submitted their evidence, from which it appeared that Mrs. Waters had had possession of the negroes from the death of her husband in 1854 ; that on the sixth January, 1859, she sold said negroes to defendant for $1,400 00, and executed a bill of sale for the same; that when the bill of sale was executed, defendant agreed that the negroes might remain with her till the next Christmas, and that she might have them if she paid him for them ; that when she paid for the negroes she might have them.  Afterwards, in October, 1859, upon defendant's being about to remove from Jasper county, where the parties resided, to Monroe county, these possessory warrants above referred to were taken out by the parties respectively, which resulted in judgments in favor of Mrs. Waters, and the negroes awarded and delivered to her. This was about the 1st November; about the last of December she tendered the money to defendant for the negroes,

($1,400 00) who refused to take it, saying they were worth $3,000 00. The negroes continued in Mrs. Waters' possession until the first week in January, 1860, when by some means that did not appear, they left, or were taken from her premises, in Jasper county, and were found in possession of the defendant, who resided in the county of Monroe. Therefore, she sued out this possessory warrant.

Judge CABANISS, after hearing the testimony, ordered and adjudged that the negroes be delivered to plaintiff, upon her giving the bond required by law in such cases.

To which order and judgment counsel for defendant excepted.

R. P. TRIPPE, for plaintiff in error.

PEEPLES & CABANISS, and LOFTON, *contra.*

*By the Court*—LUMPKIN, J., delivering the opinion.

This was a proceeding under the Possessory Warrant Act of 1821, (*Cobb* 590,) at the instance of Sarah J. Waters against Americus V. Mann, to get the possession of a family of negroes.

It appears that Mrs. Waters had been in the possession of these negroes, except for a short time, from the death of her husband in 1834, down to 1859. In January of this latter year, Mann bought the negroes at $1,400 00, and took a bill of sale to them from Mrs. Waters, agreeing to let her retain possession for that year, with the privilege of redeeming them whenever she could pay for them. Some litigation sprung up between the parties relative to the possession of the slaves, when it was adjudged that Mrs. Waters was entitled to the possession of the property. She held the negroes till the first Monday in January thereafter, when they disappeared, and were found in the custody of Mann. No one knew how the change of possession took place. This proceeding is at the instance of Mrs. Waters, to repossess herself of the property; apprehending that the warrant, under which the litigation was had in the fall of 1859, would be used by Mrs. Waters, Mann moved to continue the case to some future day, in order to prove by Phillips, the sheriff, that the judgment rendered under the warrants only entitled Mrs. Waters to retain

Mann *vs.* Waters.

the slaves till the end of the year. The Court refused to postpone the case for that purpose, and this is the first error assigned.

Concede that the evidence could have been made, and would have been legal in the view we look upon the rights of these parties under the Act of 1821, the testimony would have been wholly immaterial. And I would remark, that Mr. Ballard and others abundantly established the fact, that the negroes were to be surrendered at the close of the year 1859. For the purposes of this decision, we assume that point to be satisfactorily proven.

The only effect of this proof is to raise the presumption that the present possession of Mr. Mann was by the consent of Mrs. Waters. But now comes in the evidence of Mr. Williams, that subsequently to all this, he, at the request of Mrs. Waters, and acting for her, called on Mr. Mann to tender him the purchase money and then redeem the negroes, which Mr. Mann refused to accept, alleging the negroes were worth three thousand dollars, thus rebutting effectually the inference that the negroes were voluntarily surrendered; and such, no doubt, was the view taken by Judge CABANISS in the case.

We see no objection as to the mode in which the fall warrants of 1859 were proven. Indeed, independent of these warrants, the testimony is entirely sufficient and uncontradicted, that Mrs. Waters was entitled to the peaceable possession of these negroes till the end of the year 1859.

We see no reason for disturbing the judgment of the Court, but must remit the party to such other remedy, if any, as he may see fit to institute.

Judgment affirmed.